# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAMEPHIS PEREZ <br><br> Plaintiff, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT <br><br> Defendant. | Civil Action <br><br> Docket No. 19CV3154 <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF** |

## COMPLAINT

1. Plaintiff, Kamephis Perez, seeks the disclosure and release of government documents from the Defendant, United States Immigration and Customs Enforcement ("ICE"), pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), concerning the Defendant's handling of an investigation into misconduct by ICE Deputy Chief Counsel Khalilah Taylor.

## THE PARTIES

2. Plaintiff is a resident of New York, New York employed as an immigration trial attorney by ICE.

3. Defendant ICE is an agency within the Department of Homeland Security ("DHS") responsible for enforcing the nation's federal immigration and customs laws. The Office of the Principal Legal Advisor ("OPLA") is a component of ICE made up of attorneys who represent ICE in immigration removal proceedings. The Office of Professional Responsibility ("OPR"), is a component of ICE responsible for policing the conduct of ICE employees. ICE, as a component of DHS, forms a part of the executive branch of the United States government and is therefore an "agency" within the meaning of 5 U.S.C. §§ 551(1) and 552(f)(1).

## JURISDICTION AND VENUE

4. This Court has federal subject matter jurisdiction over this action and personal jurisdiction over

1

the parties pursuant to 5 U.S.C. § 552(a)(4)(B). Because this action arises under FOIA against an agency of the United States, this Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402 because the Plaintiff's place of residence is in the Southern District of New York.

## FACTUAL BACKGROUND

5. On or about March 12, 2018, Plaintiff reported a series of misdeeds by OPLA Deputy Chief Counsel Khalilah Taylor to ICE OPR.

6. On or about October 2, 2018, OPR appointed an independent fact-finder to review the evidence and interview the witnesses referenced in the Plaintiff's declaration.

7. On October 30, 2018, the independent fact-finder informed Plaintiff that, after interviewing DCC Taylor, it would no longer be necessary to meet with the witnesses because DCC Taylor had admitted all of Plaintiff's allegations.

8. On or about February 2019, when Plaintiff inquired as to OPR's decision regarding DCC Taylor's misconduct, he was instructed that the results would only be disclosed pursuant to a FOIA request.

9. Plaintiff submitted a FOIA request to ICE on September 19, 2018, seeking records relating to ICE's handling of the complaint against DCC Taylor.

10. By e-mail dated October 30, 2018, ICE, advised Plaintiff that his FOIA request had been received and that it had been assigned Number 2019-ICFO-0904.

11. On February 1, 2019, ICE responded to the request, indicating the responsive documents were being withheld in their entirety under Exemption 7(A) because they related to "ongoing criminal law enforcement investigations." Exhibit A. ICE's response did not indicate which component within the agency had been conducting the alleged criminal or under what statutory authority. ICE did not respond to repeated attempts to clarify the basis for the February 1st decision.

12. On February 26, 2019, Plaintiff filed an administrative appeal of ICE's February 1st decision, noting that records compiled by OPR could not fall under Exemption 7A. Exhibit B.

2

13. On April 1, 2019, ICE responded with its "final action" concerning the FOIA request, a notice maintaining its decision to withhold the requested documents in their entirety, but under a new set of reasons. Exhibit C. ICE now claimed that "Exemption (k)(2) of the Privacy Act" entitled it to withhold the requested documents in their entirety. *Id.* ICE further alleged that Exemptions (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E) permitted withholding intra-agency documents, information pertaining to third parties, "name and system login details of DHS employees," and information compiled for law enforcement purposes. *Id.*

14. Plaintiff brings this action for injunctive relief and to compel the Defendant's compliance with their obligations under FOIA because ICE has failed to provide adequate explanation for its decision to withhold the requested documents in their entirety.

## **FIRST CLAIM FOR RELIEF**

(For a Declaration that Plaintiff is entitled to Disclosure of the Records Requested in the FOIA Request)

15. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs 1-14 as if fully set forth herein.

16. ICE's refusal to disclose, in part or in whole, documents requested pursuant to FOIA under Privacy Act Exemption (k)(2) is unlawful and violates FOIA, 5 U.S.C. § 552a(t)(2), and ICE's corresponding regulations.

17. ICE has wrongfully withheld agency records requested by Plaintiff.

18. Plaintiff has exhausted his administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## **SECOND CLAIM FOR RELIEF**

(For an Injunction Compelling Immediate Production of the Records Requested in the FOIA Request)

19. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs 1-18 as if fully set forth herein.

20. As a result of the foregoing, Plaintiff is entitled to an injunction compelling the Defendants to

3

immediately produce the records requested in the FOIA Request.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

1) Ordering Defendant to disclose the requested records in their entireties and make copies available to Plaintiff;

2) Enjoining Defendants from withholding the requested records;

3) Awarding Plaintiff costs and reasonable attorneys' fees in this action; and

4) Granting Plaintiff such other and further relief as the Court may deem just and proper.

Dated: April 9, 2019

Respectfully submitted,

Kamephis Perez, *Pro se*
510 East 6th Street
Apt. D2
New York, NY 10009
786-837-6055
Kamephis.Perez@gmail.com

# EXHIBIT A

*Office of Information Governance and Privacy*

U.S. Department of Homeland Security
500 12th St., SW
Washington, D.C. 20536



**U.S. Immigration and Customs Enforcement**

February 1, 2019

Kamephis Perez
510 E 6th Street
Apt D2
New York, NY 10009

**RE:   ICE FOIA Case Number 2019-ICFO-09047**

Dear Mr. Perez:

This letter is the final response to your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated September 19, 2018. You have requested all records pertaining to COMPLAINT FILED BY KAMEPHIS PEREZ ON MISCONDUCT BY ICE DEPUTY CHIEF COUNSEL KHALILAH TAYLOR (PLEASE SEE REQUEST FOR DETAILS).

Due to the open status of ongoing investigations, ICE has determined that the information you are requesting is withholdable in its entirety pursuant to Title 5 U.S.C. § 552 (b)(7)(A). FOIA Exemption 7(A) protects from disclosure records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings. ICE has determined that the information you are seeking relates to ongoing criminal law enforcement investigations. Therefore, ICE is withholding all records, documents, and/or other material, which if disclosed prior to completion, could reasonably be expected to interfere with law enforcement proceedings and final agency actions related to those proceedings. Please be advised that once all pending matters are resolved and FOIA Exemption 7(A) is no longer applicable, there may be other exemptions which could protect certain information from disclosure, such as FOIA Exemptions 6, 7(C), 7(D), 7(E) and/or 7(F).

You have a right to appeal the above withholding determination. Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.8, to:

> U.S. Immigration and Customs Enforcement
> Office of the Principal Legal Advisor
> U.S. Department of Homeland Security
> 500 12th Street,, S.W., Mail Stop 5900
> Washington, D.C. 20536-5900



*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536

## U.S. Immigration and Customs Enforcement

Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

Provisions of FOIA allow DHS to charge for processing fees, up to $25, unless you seek a waiver of fees. In this instance, because the cost is below the $25 minimum, there is no charge.

If you need any further assistance or would like to discuss any aspect of your request, please contact the FOIA office and refer to FOIA case number **2019-ICFO-09047**. You may send an e-mail to ice-foia@ice.dhs.gov, call toll free (866) 633-1182, or you may contact our FOIA Public Liaison, Fernando Pineiro, in the same manner. Additionally, you have a right to right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

*MeganDay*

for Catrina M. Pavlik-Keenan
FOIA Officer

# EXHIBIT B

Kamephis Perez
510 East 6th Street
Apt D2
New York, NY 10009

February 26, 2019

U.S. Immigration and Customs Enforcement
Office of the Principal Legal Advisor
U.S. Department of Homeland Security
500 12th Street, S.W., Mail Stop 5900
Washington, D.C. 20536-5900

**Re: Appeal from ICE FOIA Case Number 2019-ICFO-09047**

Dear Ms. Pavlik-Keenan:

This letter constitutes a timely administrative appeal under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and applicable regulations for records requested by me from ICE-OPR relating to a complaint filed by me on misconduct by ICE Deputy Chief Counsel Khalilah Taylor— ICE FOIA Request No. 2019-ICFO-09047.

The determination that the requested information may be withheld in its entirety pursuant to 5 U.S.C. § 552(b)(7)(A) is erroneous because the records sought were not complied for law enforcement purposes, nor can the release thereof reasonably be expected to interfere with enforcement proceedings.[1]

### I. The Records Sought Were Not Compiled for Law Enforcement Purposes.

The requested records were not compiled for a law enforcement purpose because OPR has no law enforcement authority. As my request clearly indicates, the records sought relate to a complaint filed by me with OPR. Any records gathered by OPR in their investigation of my allegations could not be considered a "law enforcement purpose." For example, OPR has no subpoena powers, and must rely on "ICE policy" to compel the testimony of witnesses. *See* ICE Form 70-021. Even when it comes to issues involving violation of ICE policy, OPR has no authority to discipline employees; they are "merely the agency's fact finders." Remarks of Tim Moynihan, Assistant Director for OPR, *available at: https://insight.ice.dhs.gov/director/opa/Pages/askice/moynihan.aspx* (last visited Feb 26, 2019). At the time these records were compiled, OPR had no knowledge whether they would ever be referred to OIG for prosecution or merely referred to the Office of the Chief Human Capital Officer or Headquarters Human Resources Management and Services for employee discipline. *See generally* DHS Directives System Instruction Number 250-09-001 (11/21/2016).

Nor can OPR rely on *John Doe Agency v. John Doe Corp.*, 493 U.S. 146 (1989), to argue that the records have been since been "re-compiled" for a law enforcement purpose. Although, *John Doe Agency* does stand for the proposition that non-enforcement records later recompiled for law

---

[1] A copy of ICE FOIA's final determination is attached at A.

1

enforcement purposes satisfy Exemption 7's threshold, the facts of the instant request are materially different than those addressed by the Court. In *John Doe Agency*, the Plaintiff sought records from an FBI investigative file and argued that the records therein were provided by the DCAA and originally compiled for a non- enforcement purpose. 493 U.S. at 473. My request does not seek the re-compiled documents. To the extent OIG or the U.S. Attorneys' Office may have received records from OPR and "re-compiled" them for law enforcement purposes, that recompilation does not affect my request for OPR's records which have not now or ever been compiled for law enforcement purposes. Nothing in *John Doe Agency* supports the claim that the Plaintiff could not have sought the records from the DCAA successfully. *See* 493 U.S. at 478-9 (Stevens, J. dissenting)

## II. Disclosure Cannot Reasonably Be Expected to Interfere with Enforcement Proceedings.

More importantly, even if the records sought could be deemed to have been compiled for law enforcement purposes, OPR cannot reasonably argue that production of the complaint to the complainant could reasonably be expected to interfere with enforcement proceedings. The language of Exemption 7(A) is unambiguous in its specification that documents can be withheld "only to the extent that the *production* of such law enforcement records or information [] could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7) (emphasis added); *North v. Walsh*, 881 F.2d 1088, 1097 (D.C. Cir. 1989) ("an agency seeking to shield records or information behind exemption 7(A) must show that disclosure could reasonably be expected perceptibly to interfere with an enforcement proceeding.") (R.B. Ginsburg, J.). The exemption was designed to prevent harm to the government's case in court by not allowing litigants earlier or greater access to agency investigatory files than they would otherwise have. *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224–25 (1978). Examples harmful information properly withheld includes "the identities of possible witnesses and informants, reports on the location and viability of potential evidence, and polygraph reports." *See Bevis v. Dep't of State*, 801 F.2d 1386, 1390 (D.C. Cir. 1986).

As acknowledged in the February 1, 2019 final response letter, I am the complainant who first alerted OPR of DCC Taylor's misconduct. I am the person who provided the identities of the witnesses, and the location of the potential evidence. There is no justifiable reason why OPR could believe that—with or without a disclosure—I would act to interfere in the enforcement proceedings instituted at my request; this is not a case where the defendant seeks to procure incriminating information about themselves. *See Robbins Tire & Rubber Co.*, 437 U.S. at 224–25. And to the extent such a belief was valid, there is certainly no reason to believe that the "production" of evidence largely already in my possession would cause that interference. Because the language of Exemption 7 explicitly requires a causal link between the production and the interference, the withholding of documents in this case was improper.

It should be noted that my arguments here assume that the "ongoing criminal law enforcement investigations" pertain to Khalilah Taylor and not a third party. Assuming *arguendo* that the investigation cited relates to another individual, there is still no cogent reason why OPR could expect that I would interfere with the investigation. Unless, of course, this case *is* analogous to *Robbins Tire & Rubber Co.*, and the exemption is being applied because I am the target of the investigation and OPR expects that disclosing the same to me would cause interference. Even if

this were the case, however, there is yet no causal link between the disclosure and my interference; I already possess the bulk of the evidence and the identities of all witnesses. And, if this were the case, then the records withheld are not the records sought. My request seeks records relating to my complaints against DCC Taylor. Whether those records are duplicated in another agency's investigative file against me is irrelevant; the file I seek contains documents compiled by OPR regarding DCC Taylor which, in this scenario, were indisputably *not* compiled for law enforcement purposes.

### III. A Blanket Denial is Improper.

Finally, to the extent that any responsive document could be properly withheld under Exemption 7(A), the exemption does not permit OPR to withhold all information merely because some of it was compiled for law enforcement purposes. The Courts have "repeatedly stated that the[] exemptions from disclosure must be construed narrowly, in such a way as to provide the maximum access consonant with the overall purpose of the [Freedom of Information] Act." *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973). For this reason, "conclusory and generalized allegations of exemptions" are improper. *Id.* at 826. OPR's records indisputably contain documents the production of which could not reasonably be expected to interfere with the enforcement action. The file contains documents clearly already in my possession, such as my multiple affidavits, the evidence I provided, and the testimony of the witnesses I identified and whose cooperation I arranged. There are also documents not in my possession that similarly cannot be expected to interfere, particularly documents already in DCC Taylor's possession such as her written statements in response to my accusations, correspondences between her and her supervisor, headquarters, or OPR in response to the investigation, and any evidence she provided in her defense. Even if a reasonable argument could be made that I intended to interfere with the investigation I requested, DCC Taylor already has these documents in her possession and my purported disclosure thereof to her would not provide her "earlier or greater access" to the incriminating evidence or have any "perceptible" effect on the enforcement action. *See Robbins Tire & Rubber Co.*, 437 U.S. at 224–25; *North*, 881 F.2d at 1097.

### IV. Conclusion.

The records requested in ICE FOIA Request No. 2019-ICFO-09047 must be produced in their entirety because there is no exemption permitting OPR's refusal to disclose them. Contrary to the claim made in the denial letter, these records were not compiled for a law enforcement purpose and production thereof cannot reasonably be expected to perceptively interfere with an ongoing criminal law enforcement investigation.

Sincerely,

Kamephis Perez

(Enclosure)

3

# EXHIBIT C

Office of Information Governance and Privacy

U.S. Department of Homeland Security
500 12th St., SW
Washington, D.C. 20536



U.S. Immigration
and Customs
Enforcement

February 1, 2019

Kamephis Perez
510 E 6th Street
Apt D2
New York, NY 10009

RE: **ICE FOIA Case Number 2019-ICFO-09047**

Dear Mr. Perez:

This letter is the final response to your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated September 19, 2018. You have requested all records pertaining to COMPLAINT FILED BY KAMEPHIS PEREZ ON MISCONDUCT BY ICE DEPUTY CHIEF COUNSEL KHALILAH TAYLOR (PLEASE SEE REQUEST FOR DETAILS).

Due to the open status of ongoing investigations, ICE has determined that the information you are requesting is withholdable in its entirety pursuant to Title 5 U.S.C. § 552 (b)(7)(A). FOIA Exemption 7(A) protects from disclosure records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings. ICE has determined that the information you are seeking relates to ongoing criminal law enforcement investigations. Therefore, ICE is withholding all records, documents, and/or other material, which if disclosed prior to completion, could reasonably be expected to interfere with law enforcement proceedings and final agency actions related to those proceedings. Please be advised that once all pending matters are resolved and FOIA Exemption 7(A) is no longer applicable, there may be other exemptions which could protect certain information from disclosure, such as FOIA Exemptions 6, 7(C), 7(D), 7(E) and/or 7(F).

You have a right to appeal the above withholding determination. Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.8, to:

      U.S. Immigration and Customs Enforcement
      Office of the Principal Legal Advisor
      U.S. Department of Homeland Security
      500 12th Street,, S.W., Mail Stop 5900
      Washington, D.C. 20536-5900

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



# U.S. Immigration and Customs Enforcement

Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

Provisions of FOIA allow DHS to charge for processing fees, up to $25, unless you seek a waiver of fees. In this instance, because the cost is below the $25 minimum, there is no charge.

If you need any further assistance or would like to discuss any aspect of your request, please contact the FOIA office and refer to FOIA case number **2019-ICFO-09047**. You may send an e-mail to ice-foia@ice.dhs.gov, call toll free (866) 633-1182, or you may contact our FOIA Public Liaison, Fernando Pineiro, in the same manner. Additionally, you have a right to right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer