GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:   SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
E-mail: samuel.dolinger@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAMEPHIS PEREZ,<br><br>                           Plaintiff,<br><br>            -v-<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>                           Defendant. | 19 Civ. 3154 (PGG)<br><br>**ANSWER** |

Defendant U.S. Immigration and Customs Enforcement ("ICE" or "Defendant"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby answers the complaint under the Freedom of Information Act ("FOIA") of *pro se* Plaintiff Kamephis Perez ("Plaintiff") upon information and belief as follows:

1.     Paragraph 1 consists of Plaintiff's characterization of this action and a characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.  To the extent this paragraph contains factual allegations to which a response is deemed required, ICE denies the allegations in this paragraph, except admits that this is an action under FOIA, that Plaintiff made a report alleging misconduct by an ICE Deputy Chief Counsel, and that an investigation was conducted.

2. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 concerning Plaintiff's residence, and denies that Plaintiff is presently employed as an immigration trial attorney by ICE.

3. Paragraph 3 contains legal conclusions, to which no response is required. To the extent this paragraph contains factual allegations to which a response is deemed required, ICE admits the allegations in this paragraph.

4. Paragraph 4 consists of legal conclusions regarding jurisdiction and venue, to which no response is required. ICE denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 concerning Plaintiff's residence.

5. Paragraph 5 consists of Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action. To the extent a response is deemed required, ICE denies Plaintiff's characterization and avers that Plaintiff made a report alleging misconduct by an ICE Deputy Chief Counsel.

6. Paragraph 6 consists of Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action. To the extent a response is deemed required, ICE denies Plaintiff's characterization and avers that Plaintiff made a report alleging misconduct by an ICE Deputy Chief Counsel, and that an investigation was conducted.

7. Paragraph 7 consists of Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action. To the extent a response is deemed required, ICE denies Plaintiff's characterization, and avers that Plaintiff made a report alleging misconduct by an ICE Deputy Chief Counsel, and that an investigation was conducted.

8. Paragraph 8 consists of Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action. To the extent a response is deemed required, ICE denies knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and avers that OPR has not located a record of an inquiry by Plaintiff in February 2019.

9. Paragraph 9 consists of Plaintiff's characterization of his FOIA request to ICE dated September 19, 2018 (the "FOIA Request"), to which no response is required. To the extent a response is deemed required, ICE admits that Plaintiff submitted the FOIA Request to ICE, and respectfully refers the Court to the relevant request for a complete and accurate statement of its contents.

10. Paragraph 10 consists of Plaintiff's characterization of an e-mail from ICE dated October 30, 2018, concerning the FOIA Request, to which no response is required. To the extent a response is deemed required, ICE denies the allegations in this paragraph and avers that, by e-mail dated October 18, 2018, ICE acknowledged the FOIA Request and assigned it number 2019-ICFO-09047, and respectfully refers the Court to the relevant e-mail for a complete and accurate statement of its contents.

11. Paragraph 11 consists of Plaintiff's characterization of ICE's response to the FOIA Request dated February 1, 2019, to which no response is required. To the extent a response is deemed required, ICE admits that it responded to Plaintiff's FOIA Request on February 1, 2019, and respectfully refers the Court to the relevant response for a complete and accurate statement of its contents.

12. Paragraph 12 consists of Plaintiff's characterization of an administrative appeal dated February 26, 2019, to which no response is required. To the extent a response is deemed

required, ICE admits that Plaintiff filed an administrative appeal dated February 26, 2019, and respectfully refers the Court to the relevant appeal for a complete and accurate statement of its contents.

13.     Paragraph 13 consists of Plaintiff's characterization of ICE's response dated April 1, 2019, to Plaintiff's administrative appeal, to which no response is required.  To the extent a response is deemed required, ICE admits that it responded to Plaintiff's administrative appeal on April 1, 2019; denies that Exhibit C to Plaintiff's complaint constitutes that document; and respectfully refers the Court to the relevant response for a complete and accurate statement of its contents.

14.     Paragraph 14 consists of Plaintiff's characterization of this action and of legal conclusions under FOIA, to which no response is required.  To the extent this paragraph contains factual allegations to which a response is deemed required, ICE denies the allegations in this paragraph.

15.     Defendant repeats and incorporates by reference each response contained in paragraphs 1 through 14 as though fully set forth herein.

16.     Denies.

17.     Denies.

18.     Paragraph 18 consists of legal conclusions concerning administrative exhaustion, to which no response is required.

19.     Defendant repeats and incorporates by reference each response contained in paragraphs 1 through 18 as though fully set forth herein.

20.     Denies.

21.     The portion of the complaint titled "Prayer for Relief" following paragraph 20 contains Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed required, ICE denies that Plaintiff is entitled to the relief he seeks or to any relief.

## DEFENSES

For further defenses, Defendant alleges as follows:

## FIRST DEFENSE

Plaintiff's complaint should be dismissed in whole or in part to the extent it fails to state a claim on which relief may be granted.

## SECOND DEFENSE

Some or all of the requested records are exempt from disclosure, in whole or in part, under 5 U.S.C. § 552(b).

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

## FOURTH DEFENSE

Plaintiff is not entitled to declaratory relief.  *See* 5 U.S.C. § 552(a)(4)(B).

## FIFTH DEFENSE

Plaintiff is not entitled to attorney fees.  5 U.S.C. § 552(a)(4)(E); *Pietrangelo v. U.S. Army*, 568 F.3d 341, 342 (2d Cir. 2009).

## SIXTH DEFENSE

Plaintiff failed to properly serve ICE within the time permitted under Fed. R. Civ. P. 4(m).

Defendant may have additional defenses which are not known at this time but which may become known through further proceedings. Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendant respectfully requests that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendant; and (3) grant such further relief as the Court deems just and proper.

Dated:     September 13, 2019
           New York, New York

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:    /s/ Samuel Dolinger
SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
E-mail: samuel.dolinger@usdoj.gov