UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAMEPHIS PEREZ,

                Plaintiff,

     -v-

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

                Defendant.

19 Civ. 3154 (PGG) (JLC)


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
E-mail: samuel.dolinger@usdoj.gov

SAMUEL DOLINGER
Assistant United States Attorney
– Of Counsel –

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ......................................................................................................................3

ARGUMENT ..........................................................................................................................4

I.     ICE PROPERLY WITHHELD TWO WITNESS STATEMENTS PROVIDED
AS PART OF THE INVESTIGATION OF PEREZ'S INTERNAL
MISCONDUCT COMPLAINT UNDER FOIA EXEMPTIONS 6 AND 7(C) .................5

     A.     ICE's Withholdings Under Exemption 6 Should Be Upheld .................6

          1.     The Witness Statements at Issue Constitute "Personnel" or
"Similar Files" Under Exemption 6 .........................................................7

          2.     The Privacy Balancing Under Exemption 6 Favors ICE's
Withholdings .......................................................................................8

     B.     ICE's Withholdings Should Also Be Upheld Under Exemption 7(C) .................15

          1.     ICE's Internal Administrative Investigatory Records Were
Compiled for Law Enforcement Purposes .................................................15

          2.     The Privacy Balancing Under Exemption 7(C) Also Favors ICE's
Withholdings .......................................................................................16

     C.     ICE Complied with FOIA's Segregability Requirement ......................................17

II.    ICE PROPERLY EXCLUDED RECORDS NOT RESPONSIVE TO
PLAINTIFF'S FOIA REQUEST.......................................................................................19

CONCLUSION.......................................................................................................................20

# TABLE OF AUTHORITIES

**CASES**

*A. Michael's Piano, Inc. v. FTC*,
   18 F.3d 138 (2d Cir. 1994) ................................................................. 4

*ACLU v. DOJ*,
   252 F. Supp. 3d 217 (S.D.N.Y. 2017) ................................................. 17

*ACLU v. DOJ*,
   655 F.3d 1 (D.C. Cir. 2011) ............................................................... 16

*Alirez v. NLRB*,
   676 F.2d 423 (10th Cir. 1982) ........................................................... 18

*Am. Immigration Lawyers Ass'n v. EOIR*,
   830 F.3d 667 (D.C. Cir. 2016) ........................................................... 19

*Amnesty Int'l USA v. CIA*,
   728 F. Supp. 2d 479 (S.D.N.Y. 2010) ................................................ 17

*Assoc. Press v. DOD*,
   554 F.3d 274 (2d Cir. 2009) ............................................................ 6, 9

*Assoc. Press v. DOJ*,
   549 F.3d 62 (2d Cir. 2008) ....................................................... 5, 12, 14

*Carney v. DOJ*,
   19 F.3d 807 (2d Cir. 1994) .................................................................. 5

*Competitive Enter. Inst. v. EPA*,
   12 F. Supp. 3d 100 (D.D.C. 2014) ..................................................... 19

*Conti v. DHS*,
   No. 12 Civ. 5827 (AT), 2014 WL 1274517 (S.D.N.Y. Mar. 24, 2014) ........... 10, 11

*Cook v. Nat'l Archives & Records Admin.*,
   758 F.3d 168 (2d Cir. 2014) ................................................................ 7

*Dep't of State v. Ray*,
   502 U.S. 164 (1991) ........................................................................... 6

*Dep't of State v. Washington Post Co.*,
   456 U.S. 595 (1982) ........................................................................ 6, 7

*DOD v. FLRA*,
   510 U.S. 487 (1994) ...................................................................... 6, 12

*Doherty v. DOJ,*
   775 F.2d 49 (2d Cir. 1985)..................................................................................... 17

*DOJ v. Reporters Comm. for Freedom of the Press,*
   489 U.S. 749 (1989)...................................................................................... 6, 12

*Dunkelberger v. DOJ,*
   906 F.2d 779 (D.C. Cir. 1990) .............................................................................. 9

*FBI v. Abramson,*
   456 U.S. 615 (1982)............................................................................................... 4

*Ferrigno v. DHS,*
   No. 09 Civ. 5878 (RJS), 2011 WL 1345168 (S.D.N.Y. Mar. 29, 2011) .......................... *passim*

*Grand Cent. P'ship, Inc. v. Cuomo,*
   166 F.3d 473 (2d Cir. 1999)................................................................................... 4

*Horvath v. U.S. Secret Serv.,*
   No. 18 Civ. 2172, 2019 WL 7290941 (D.D.C. Oct. 31, 2019)................................. 9, 10, 11, 18

*Jefferson v. DOJ,*
   284 F.3d 172 (D.C. Cir. 2002) .......................................................................... 15, 16

*John Doe Agency v. John Doe Corp.,*
   493 U.S. 146 (1989)............................................................................................... 4

*Kearns v. FAA,*
   312 F. Supp. 3d 97 (D.D.C. 2018) ..................................................................... 9, 14

*Kimberlin v. DOJ,*
   139 F.3d 944 (D.C. Cir. 1998) .............................................................................. 8

*Leopold v. CIA,*
   177 F. Supp. 3d 479 (D.D.C. 2016) ...................................................................... 20

*Long v. OPM,*
   692 F.3d 185 (2d Cir. 2012)................................................................................. 5, 8

*Machado Amadis v. DOJ,*
   388 F. Supp. 3d 1 (D.D.C. 2019) ......................................................................... 19

*Multi Ag Media LLC v. Dep't of Agric.,*
   515 F.3d 1224 (D.C. Cir. 2008) ............................................................................ 8

*Nat'l Whistleblower Ctr. v. Dep't of Health & Human Servs.,*
   849 F. Supp. 2d 13 (D.D.C. 2012) ................................................................... 11, 18

*NRDC v. Dep't of Interior,*
    73 F. Supp. 3d 350 (S.D.N.Y. 2014).................................................................... 4

*NRDC v. EPA,*
    403 F. Supp. 3d 270 (S.D.N.Y. 2019).................................................................. 17

*N.Y. Legal Assistance Grp. v. BIA,*
    401 F. Supp. 3d 445 (S.D.N.Y. 2019).................................................................... 5

*N.Y. Times Co. v. DOJ,*
    872 F. Supp. 2d 309 (S.D.N.Y. 2012).................................................................... 5

*N.Y. Times v. DOJ,*
    101 F. Supp. 3d 310 (S.D.N.Y. 2015).................................................................... 4

*Perlman v. DOJ,*
    312 F.3d 100 (2d Cir. 2002)....................................................................... 13, 14

*Pototsky v. Dep't of the Navy,*
    695 F. Supp. 1084 (D. Haw. 1988)...................................................................... 14

*Radcliffe v. IRS,*
    536 F. Supp. 2d 423 (S.D.N.Y. 2008).................................................................. 15

*Roth v. DOJ,*
    642 F.3d 1161 (D.C. Cir. 2011).......................................................................... 16

*Sussman v. U.S. Marshals Serv.,*
    494 F.3d 1106 (D.C. Cir. 2007).................................................................... 17, 18

*Welby v. U.S. Dep't of Health,*
    No. 15 Civ. 195 (NSR), 2016 WL 1718263 (S.D.N.Y. Apr. 27, 2016) .................. 19

*Wilner v. NSA,*
    592 F.3d 60 (2d Cir. 2009).................................................................................... 5

*Wilson v. U.S. Dep't of Transp.,*
    730 F. Supp. 2d 140 (D.D.C. 2010).................................................................... 19

*Wood v. FBI,*
    432 F.3d 78 (2d Cir. 2005).......................................................................... 6, 7, 8, 14

**STATUTES**

5 U.S.C. § 552............................................................................................... *passim*

Defendant U.S. Immigration and Customs Enforcement ("Defendant" or "ICE"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of its motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff Kamephis Perez ("Perez" or "Plaintiff"), an attorney formerly employed by ICE, made a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the disclosure of records related to Perez's own workplace misconduct complaint that he filed against his former supervisor. Perez's complaint was investigated by the agency and was ultimately determined to be unfounded.

In response to Plaintiff's FOIA request, the ICE FOIA Office tasked searches to the ICE components deemed likely to have records responsive to the request. Those searches returned 461 pages of potentially responsive records. After review, the ICE FOIA Office determined that 289 of those pages were not responsive to the request, and released to Perez the remaining 172 pages of records related to the workplace misconduct complaint with redactions under FOIA exemptions pursuant to 5 U.S.C. § 552(b). 166 pages were released in part with redactions, and six pages containing two witness statements from the investigation were withheld in full.

The government now moves for summary judgment in its favor under Rule 56. Before the Court for decision are (1) the propriety of the withholding of the two witness statements on the basis of privacy protections under FOIA exemptions 6 and 7(C), 5 U.S.C. § 552(b)(6), (b)(7)(C); and (2) ICE's determination that certain records located in its searches were non-responsive. Because both ICE's withholdings and its determination that certain records were non-responsive were proper, as set forth below and in the attached declaration, summary judgment should be granted in ICE's favor.

First, under FOIA exemptions 6 and 7(C), ICE withheld in full two statements of witnesses totaling six pages that were provided to an ICE investigator as part of the personnel investigation that resulted from Perez's complaint. These FOIA exemptions protect information in which individuals have a privacy interest. The information that ICE withheld consists of the names and witness statements—which include potentially personally identifying information—of the individuals who gave these statements as part of ICE's internal investigation, which was initiated as a result of Perez's misconduct complaint. ICE's investigation ultimately determined that Perez's complaint was not substantiated.

ICE employees and third parties have a strong privacy interest in avoiding the disclosure of their personally identifying information and their candid statements. Release of such information could lead to stigma and harassment for the witnesses providing statements and, further, could dissuade employees from providing information as part of an agency's internal investigation. At the same time, there is no cognizable public interest in releasing these witness statements, nor would their disclosure contribute significantly to public understanding of government activity, the only purpose that is material under FOIA. Because ICE properly withheld these two witness statements under FOIA exemptions 6 and 7(C), the Court should uphold the withholdings.

Second, the government is not required to produce records that are not responsive to a requester's FOIA request. ICE properly concluded that 289 pages of records returned in its searches were not responsive to Plaintiff's request, and accordingly did not produce them to Perez. Rather, it responded only as to the 172 pages it located that were determined to be responsive. ICE's determination in this regard should be upheld as well.

Accordingly, as further set out below, the Court should grant Defendant's motion and enter judgment in ICE's favor.

**BACKGROUND**

At issue in this action is a FOIA request that Perez submitted to ICE on September 19, 2018. Declaration of Toni Fuentes ("Fuentes Decl.") ¶ 4 & Ex. A. The request sought documents related to a personnel complaint that Perez had filed on March 12, 2018, in which he alleged misconduct by an ICE Deputy Chief Counsel. *Id.* ¶ 5 & Ex. A. Perez had filed a complaint with ICE's Joint Intake Center in March 2018, alleging misconduct by his former supervisor. *Id.* ¶ 6. ICE subsequently conducted an investigation of the allegations in Perez's internal complaint and determined that they were unsubstantiated. *Id.*

ICE exchanged correspondence with Perez at the administrative stage in which it withheld the records responsive to Perez's request in full; subsequently, Perez filed this suit. *See id.* ¶¶ 7-11. In litigation, ICE tasked searches to ICE's Office of Professional Responsibility ("OPR"), as well as other ICE offices that were determined to be likely to have responsive records, including the Ethics Office within ICE's Office of Principal Legal Advisor ("OPLA"), and OPLA's New York Office of Chief Counsel. *Id.* ¶ 18. These ICE offices conducted searches for responsive records, using terms including Perez's first and last name, and forwarded the potentially responsive records to the ICE FOIA Office. *See id.* ¶¶ 19-27.

In November 2019, ICE issued a response to Plaintiff, stating that it had reviewed and processed 461 pages of potentially responsive documents that were located as a result of ICE's searches in OPLA and OPR. *Id.* ¶ 28. Of the 461 pages, 289 pages were deemed non-responsive. *Id.* The remaining 172 pages were released to Plaintiff subject to FOIA withholdings, with 166 pages released in part with redactions and six pages withheld in full. *Id.*

3

After conferral, the parties have narrowed the dispute to two issues: (1) ICE's withholding in full of two records, totaling six pages, Bates-numbered 2019-ICLI-00050 0005-0006 and 2019-ICLI-00050 0169-0172; and (2) ICE's determination that 289 pages located by its initial search were not responsive to Perez's FOIA request. *Id.* ¶ 29; Dkt. No. 24. The remaining withholdings, and the adequacy of ICE's search for records, are not in dispute. *Id.*[1]

Defendant now moves for summary judgment.

## ARGUMENT

"FOIA was enacted to promote honest and open government and to . . . advance a general philosophy of full agency disclosure." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999) (quotation marks omitted). At the same time, FOIA is intended to strike "a workable balance between the right of the public to know and the need of the Government to keep information in confidence." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989). Thus, under FOIA, an agency must disclose those responsive records "in its possession unless they fall under one of nine enumerated and exclusive exemptions." *N.Y. Times v. DOJ*, 101 F. Supp. 3d 310, 317 (S.D.N.Y. 2015); *see also* 5 U.S.C. § 552(a)-(b). The exemptions to disclosure under FOIA "reflect Congress' recognition that releasing certain records might prejudice legitimate private or governmental interests." *A. Michael's Piano, Inc. v. FTC*, 18 F.3d 138, 143 (2d Cir. 1994) (citing *FBI v. Abramson*, 456 U.S. 615, 621 (1982)).

"Summary judgment is the procedural vehicle by which most FOIA actions are resolved." *NRDC v. Dep't of Interior*, 73 F. Supp. 3d 350, 355 (S.D.N.Y. 2014) (quotation marks omitted). "In resolving summary judgment motions in a FOIA case, a district court

---

[1] In January 2020, ICE clarified to Plaintiff that the withheld records had previously been marked with incorrect exemptions, and clarified that these records were in fact withheld in full under FOIA exemptions 6 and 7(C). Fuentes Decl. ¶ 30.

proceeds primarily by affidavits in lieu of other documentary or testimonial evidence." *Long v. OPM*, 692 F.3d 185, 190 (2d Cir. 2012). "In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing . . . that any withheld documents fall within an exemption to the FOIA." *Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994). Summary judgment as to the applicability of a FOIA exemption is "warranted on the basis of agency affidavits when the affidavits describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Wilner v. NSA*, 592 F.3d 60, 73 (2d Cir. 2009) (quotation marks omitted). "Affidavits submitted by an agency are accorded a presumption of good faith," and a court may award summary judgment if the affidavits provided by the agency are "adequate on their face." *Carney*, 19 F.3d at 812 (quotation marks omitted). "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." *Wilner*, 592 F.3d at 73 (quotation marks omitted).[2]

## I. ICE PROPERLY WITHHELD TWO WITNESS STATEMENTS PROVIDED AS PART OF THE INVESTIGATION OF PEREZ'S INTERNAL MISCONDUCT COMPLAINT UNDER FOIA EXEMPTIONS 6 AND 7(C)

"The privacy interests protected by the exemptions to FOIA are broadly construed," and "embody the right of individuals 'to determine for themselves when, how, and to what extent information about them is communicated to others.'" *Assoc. Press v. DOJ*, 549 F.3d 62, 65 (2d

---

[2] Courts in this district have deemed the submission of statements pursuant to Local Rule 56.1 to be unnecessary in FOIA matters. *See, e.g.*, *N.Y. Times Co. v. DOJ*, 872 F. Supp. 2d 309, 314 (S.D.N.Y. 2012) ("The general rule in this Circuit is that in FOIA actions, agency affidavits alone will support a grant of summary judgment, and Local Civil Rule 56.1 statements are not required." (brackets and quotation marks omitted)); *accord N.Y. Legal Assistance Grp. v. BIA*, 401 F. Supp. 3d 445, 449 (S.D.N.Y. 2019). In accordance with this practice, ICE has not submitted a Rule 56.1 statement in this matter.

Cir. 2008) [hereinafter *AP v. DOJ*] (quoting *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 764 n.16 (1989)).  Under FOIA's privacy exemptions, "a court must balance the public interest in disclosure against the interest Congress intended the exemption to protect." *DOD v. FLRA*, 510 U.S. 487, 495 (1994) (brackets and quotation marks omitted).  "Redaction . . . is 'expressly authorized by FOIA,' which indicates that Congress 'recognized that the policy of informing the public about the operation of its Government can be adequately served in some cases without unnecessarily compromising individual interests in privacy.'" *Assoc. Press v. DOD*, 554 F.3d 274, 284 (2d Cir. 2009) [hereinafter *AP v. DOD*] (quoting *Dep't of State v. Ray*, 502 U.S. 164, 174 (1991)).

A.      **ICE's Withholdings Under Exemption 6 Should Be Upheld**

FOIA exemption 6 excludes from disclosure information from "personnel and medical files and similar files," the disclosure of which "would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  The primary purpose of exemption 6 is to "protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information."  *Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982).

The exemption 6 analysis has two portions.  First, the court must determine whether the records in question constitute personnel, medical, or "similar files."  5 U.S.C. § 552(b)(6); *see Wood v. FBI*, 432 F.3d 78, 86-87 (2d Cir. 2005).  Second, the Court must determine whether "disclosure of the [withheld information] would result in a 'clearly unwarranted invasion of personal privacy,'" by "balanc[ing] the public's need for the information against the individual's privacy interest."  *Wood*, 432 F.3d at 86.  "Whether the public interest in disclosure warrants the invasion of personal privacy is determined by the degree to which disclosure would further the core purpose of FOIA, which focuses on 'the citizens' right to be informed about what their government is up to.'"  *AP v. DOD*, 554 F.3d at 285 (quoting *Ray*, 502 U.S. at 177).

1.     **The Witness Statements at Issue Constitute "Personnel" or "Similar Files" Under Exemption 6**

At the threshold, the ICE records here are "personnel" or other "similar files" that qualify for withholding under exemption 6.  *See* 5 U.S.C. § 552(b)(6).  In making this determination, the court "ask[s] whether the records at issue are likely to contain the type of personal information that would be in a medical or personnel file."  *Wood*, 432 F.3d at 86.  The statutory language concerning files "similar" to personnel or medical files has been interpreted broadly by the Supreme Court to encompass any "information which applies to a particular individual . . . sought from Government records."  *Washington Post*, 456 U.S. at 602; *see Cook v. Nat'l Archives & Records Admin.*, 758 F.3d 168, 175 (2d Cir. 2014) ("a record is a 'similar file' if it contains personal information identifiable to a particular person").

Here, the records are at issue are the statements of two witnesses that were taken as part of an internal personnel investigation stemming from Perez's complaint concerning his former supervisor, the Deputy Chief Counsel.  Fuentes Decl. ¶ 34.  First, ICE properly determined that these records qualify under Exemption 6 as "personnel" records, or otherwise, as "similar" records identifiable to an individual, because they "contained information relating to allegations of work-related misconduct by an ICE employee," and also contained information that applies to a particular individual.  *Id.* ¶¶ 37-38.

The Second Circuit has specifically held that "administrative investigative records" are subject to withholding under exemption 6.  *Wood*, 432 F.3d at 86-87.  Moreover, because the witness statements contain "personal information which can be identified as applying to [an] individual," *Washington Post*, 456 U.S. at 602, they qualify for withholding under exemption 6.  Thus, ICE properly concluded that the withheld records constitute "personnel" or "similar files" for FOIA purposes.  *See* Fuentes Decl. ¶¶ 36-38; *see also Wood*, 432 F.3d at 86-87; *Ferrigno v.*

*DHS*, No. 09 Civ. 5878 (RJS), 2011 WL 1345168, at *8 (S.D.N.Y. Mar. 29, 2011) ("[R]ecords of ICE's internal investigation containing the names and statements of witnesses . . . and [the plaintiff's] [s]upervisor are clearly similar files for the purpose of Exemption 6.").

        **2.**      **The Privacy Balancing Under Exemption 6 Favors ICE's Withholdings**

              **a.**  **The Witnesses, ICE Personnel, and Third Parties Have Substantial Privacy Interests in the Withheld Witness Statements**

"The privacy side of the balancing test is broad and encompasses all interests involving the individual's control of information concerning his or her person." *Wood*, 432 F.3d at 88 (quotation marks omitted). "The balancing analysis for FOIA Exemption 6 requires that [the Court] first determine whether disclosure of the files would compromise a substantial, as opposed to *de minimis*, privacy interest." *Long*, 692 F.3d at 191 (quotation marks omitted). In this context, a "substantial privacy interest is anything greater than a *de minimis* privacy interest." *Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1229-30 (D.C. Cir. 2008). Indeed, "the bar is low" for demonstrating a privacy interest recognized by FOIA, and thus even a modest privacy interest triggers a balancing analysis. *Long*, 692 F.3d at 191.

Here, ICE determined that the release of the two witness statements would cause an unwarranted invasion of the privacy interests of the witnesses, other ICE personnel, and third parties, by associating them with Perez's workplace misconduct complaint and ICE's resulting investigation into that complaint. Fuentes Decl. ¶¶ 43-45. ICE determined that the privacy interests of the individuals whose information appears in the witness statements could be harmed by the release of this information. *Id.*

"[A]lthough government officials . . . may have a somewhat diminished privacy interest, they do not surrender all rights to personal privacy when they accept a public appointment." *Kimberlin v. DOJ*, 139 F.3d 944, 949 (D.C. Cir. 1998) (quotation marks omitted). "An

individual's privacy interest is particularly pronounced where disclosure could lead to embarrassment or retaliation." *AP v. DOD*, 554 F.3d at 286. As ICE concluded here, the "subjects of unsubstantiated allegations of misconduct have a privacy interest in avoiding stigma and potential reputational harm from disclosure of such allegations." Fuentes Decl. ¶ 46; *see Dunkelberger v. DOJ*, 906 F.2d 779, 781 (D.C. Cir. 1990) (a government employee has "a particular interest in not being associated unwarrantedly with . . . misconduct alleged" relating to alleged disciplinary action).

"[W]itnesses in internal investigations . . . possess strong privacy interests, as the disclosure of their identities may result in harassment or embarrassment." *Ferrigno*, 2011 WL 1345168, at *8. Courts have upheld the withholding of information that "would associate third parties with internal agency investigations and threatens to identify them as witnesses to or victims of alleged workplace misconduct." *Kearns v. FAA*, 312 F. Supp. 3d 97, 111 (D.D.C. 2018); *accord Horvath v. U.S. Secret Serv.*, --- F. Supp. 3d. ---, No. 18 Civ. 2172, 2019 WL 7290941, at *3 (D.D.C. Oct. 31, 2019) (concluding that agency personnel "interviewed in [an internal] investigation have a substantial privacy interest in withholding information that would associate them with internal agency investigations and threatens to identify them as witnesses to alleged workplace misconduct" (internal brackets and quotation marks omitted)).

Here, ICE determined that the individuals identifiable through the witness statements could be subject to harassment, embarrassment, or retaliation as a result of the allegations in Plaintiff's complaint, or because of the fact that they participated in or were the subject of ICE's internal investigation. Fuentes Decl. ¶¶ 45-46.

Courts considering similar withholdings have agreed that the disclosure of such information could, *inter alia*, expose these personnel to "unwarranted questioning concerning the

investigation, subpoenas issued by private litigants in civil suits, and harassment from co-workers or other individuals." *Horvath*, 2019 WL 7290941, at *4 (ellipsis and quotation marks omitted). In a case in this district, the court concluded that the plaintiff's supervisor—about whom the plaintiff had made a personnel complaint—and "the interviewees whose statements are recorded in the memoranda" of interviews at issue had cognizable privacy interests at stake, because "being identified as part of the investigation" into the plaintiff's personnel complaint "could subject them to embarrassment and harassment." *Ferrigno*, 2011 WL 1345168, at *8; *accord Conti v. DHS*, No. 12 Civ. 5827 (AT), 2014 WL 1274517, at *18 (S.D.N.Y. Mar. 24, 2014) (individuals identified in internal agency investigation records could be subjected to "unnecessary questioning and harassment, embarrassment, humiliation, possible interference with duties, and reprisals against government and law enforcement personnel").

The withheld information includes not only the names of the witnesses in question, but also their witness statements, which contain information that could be used to deduce their identities. Fuentes Decl. ¶¶ 43-44. Plaintiff's personnel complaint concerned certain ICE personnel whose identities are known to Plaintiff, and who worked in the same ICE office where Plaintiff formerly worked. *Id.* ¶¶ 44-45. Thus, the disclosure of the details of the interviews themselves "risks disclosing the identities of these individuals who made the statements and also other agency personnel or third parties, who would be easily identifiable from content of the withheld statements." *Id.* ¶ 45.

The withholding of such witness statements has been upheld in the past in similar circumstances—specifically, in a workplace environment—where the details of such statements could be identifying. For instance, in *Horvath*, the court held that there was a privacy interest in the "substance of any statements provided to investigators" because the withheld information

"concerns a small group of individuals who are known to each other and to the Plaintiff"; thus, the disclosure of even the "substance of [the] statements" would "reveal the identity of the [agency personnel] who provided sworn statements or were interviewed as part of the investigation." *Horvath*, 2019 WL 7290941, at *4 (quotation marks omitted); *accord Conti*, 2014 WL 1274517, at *18 (generally upholding the withholding of "identifying statements made by individuals in furtherance of internal agency investigations and law enforcement investigations, where those statements could be used to identify the third parties"); *Nat'l Whistleblower Ctr. v. Dep't of Health & Human Servs.*, 849 F. Supp. 2d 13, 31 (D.D.C. 2012) (concluding that the "contents of the [witness interview] reports and notes . . . , unless withheld in their entirety, would reveal the identity of a target or witness in OIG's investigations").

Additionally, ICE concluded that the release of the witness statements—because it could potentially identify persons involved—could discourage agency personnel and third parties from participating in internal investigations, particularly because it could lead to harassment or embarrassment. Fuentes Decl. ¶ 46. In similar circumstances, courts have concluded that the release of witness statements or other materials that would associate agency personnel with internal inquiries or allegations of misconduct, could disincentivize agency personnel from taking part in internal investigations. *See Conti*, 2014 WL 1274517, at *18 (the release of witness "statements given in the furtherance of investigations" might "dissuade agency employees from participating in internal investigations"); *see also Horvath*, 2019 WL 7290941, at *4 (noting that an "employee will feel more free to talk about possible employer violations if he feels his name will not be attached to his statements" (ellipsis and quotation marks omitted)); *Ferrigno*, 2011 WL 1345168, at *8 (upholding withholding of interview memoranda stemming from plaintiff's internal personnel complaint regarding his supervisor under exemption 6).

For all these reasons, the witnesses and other individuals who are identified or would be identifiable through the release of the withheld witness statements have substantial privacy interests in the withheld information.

**b. There Is No Cognizable Public Interest in the Release of the Redacted Statements**

"[T]he FOIA's central purpose is to ensure that the *Government's* activities be opened to the sharp eye of public scrutiny, not that information about *private citizens* that happens to be in the warehouse of the Government be so disclosed." *Reporters Comm.*, 489 U.S. at 774 (emphases in original). For this reason, the "only relevant 'public interest in disclosure' to be weighed" in the balance against individuals' privacy interest "is the extent to which disclosure would serve the 'core purpose of the FOIA,'" which is 'contributing significantly to public understanding *of the operations or activities of the government.*'" *DOD v. FLRA*, 510 U.S. at 495 (brackets omitted) (quoting *Reporters Comm.*, 489 U.S. at 775; emphasis in original). This purpose is not furthered by disclosure of information that "reveals little or nothing about an agency's own conduct." *Reporters Comm.*, 489 U.S. at 773. "The requesting party bears the burden of establishing that disclosure of personal information would serve a public interest cognizable under FOIA." *AP v. DOJ*, 549 F.3d at 66.

ICE properly concluded that there is no cognizable public interest in releasing the witness statements. Fuentes Decl. ¶¶ 47-48. The "information in question would not assist the public in understanding how ICE is carrying out its statutory responsibilities," in particular because the internal investigation concluded that Perez's allegations of misconduct "were not substantiated." *Id.* ¶ 48. There is "no public interest in disclosure of allegations that, after investigation, are not found to have a factual basis." *Id.* Such allegations tell the public nothing about "what their government is up to." *Reporters Comm.*, 489 U.S. at 773; *see Ferrigno*, 2011 WL 1345168, at

*8 (no public interest in witness memoranda where investigation concluded the complaint was "unfounded"). Additionally, ICE released a number of other records concerning Plaintiff's misconduct complaint, "including an investigator's summary of the information collected with respect to the allegations," with redactions that Plaintiff has not challenged. Fuentes Decl. ¶ 48. These releases adequately serve any public interest in the relevant government activity.

Furthermore, as ICE concluded here, the release of the witness statements would not be in the public interest because it could "have a chilling effect" on ICE's internal "investigative process by discouraging personnel from participating in these types of interviews and providing any information to internal investigators for fear of harassment, embarrassment, or retaliation." Fuentes Decl. ¶ 52; *see id.* ¶ 46. The Second Circuit has recognized a "strong public interest in encouraging witnesses to participate in future government investigations." *Perlman v. DOJ*, 312 F.3d 100, 106 (2d Cir. 2002), *vacated by* 541 U.S. 970 (2004), *reinstated after remand*, 380 F.3d 110 (2d Cir. 2004); *accord Ferrigno*, 2011 WL 1345168, at *9 ("There is no justification for releasing the witnesses' identities, as the public's interest in learning the identity of witnesses is minimal because that information tells little or nothing about the conduct of the investigation, and there is a strong public interest in encouraging witnesses to participate in future government investigations." (quoting *Perlman*, 312 F.3d at 106; alterations and quotation marks omitted)).

In *Perlman*, the Second Circuit posited that in "balancing a government employee's privacy interests against the public's interest in disclosure," a court may weigh certain factors, including:

> (1) the government employee's rank; (2) the degree of wrongdoing and strength of evidence against the employee; (3) whether there are other ways to obtain the information; (4) whether the information sought sheds light on a government activity; and (5) whether the information sought is related to job function or is of a personal nature.

*Perlman*, 312 F.3d at 107. None of the enumerated factors is dispositive, nor is the list of factors exhaustive. *Id.* If the Court reaches the balancing test in this case—which it need not, because there is no cognizable public interest in disclosure here—the *Perlman* factors weigh against disclosure: the evidence is at best weak, as the investigation did not substantiate Perez's allegations; the Deputy Chief Counsel's rank is intermediate; and while the information related to job functions, it ultimately would not and shed any relevant light on a government activity. *See* Fuentes Decl. ¶¶ 6, 31, 46, 48.

Finally, for purposes of the public interest inquiry, it does not matter why Perez himself is seeking this information; release must be in the interest of the public at large. While Perez may have his "*own* interest in identifying" witnesses to the internal personnel investigation, "FOIA is not concerned with the desires of the individual requester. Rather, the only valid public interest under the statute is one that serves FOIA's core purpose of shedding light on an *agency's* performance of its statutory duties." *Kearns*, 312 F. Supp. 3d at 112; *see also Pototsky v. Dep't of the Navy*, 695 F. Supp. 1084, 1087 (D. Haw. 1988) (the fact that FOIA requester's "sole purpose for obtaining the information is to further his private interest in clearing his record" weighed against a public interest finding), *aff'd mem.*, 912 F.2d 469 (9th Cir. 1990).

Thus, ICE appropriately determined that the "privacy interests of ICE personnel and third parties in the withholding of the witness statements . . . clearly outweighed the limited or nonexistent public interest in release" of the witness statements. Fuentes Decl. ¶ 49. On the basis of the foregoing, ICE concluded that the disclosure of the witness statements would foreseeably cause harm to interests protected under FOIA's privacy exemptions. *Id.* Accordingly, the Court should grant summary judgment to ICE and uphold its withholdings pursuant to exemption 6. *See AP v. DOJ*, 549 F.3d at 66; *Wood*, 432 F.3d at 88-89.

## B.     ICE's Withholdings Should Also Be Upheld Under Exemption 7(C)

ICE also properly invoked exemption 7(C) to withhold "records or information compiled for law enforcement purposes" whose release "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Exemption 7(C) is an alternative basis for the Court to uphold the withholdings of the witness statements at issue here. First, at the threshold, the withheld witness statements were compiled for law enforcement purposes in connection with ICE OPR's investigation of Perez's allegations of misconduct by his former supervisor. Second, the exemption 7(C) balancing test favors withholding: the release of the witness statements could reasonably be expected to constitute an unwarranted invasion of personal privacy for the witnesses in question and third parties; and there is no public interest in releasing this information, because it would shed no material light on the activities of the government, in particular because ICE's internal investigation concluded that the allegations in Perez's internal complaint were unfounded.

### 1.     ICE's Internal Administrative Investigatory Records Were Compiled for Law Enforcement Purposes

The records at issue here—ICE OPR records compiled as part of its internal investigation into Perez's internal misconduct complaint—satisfy the threshold requirement that the records were "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). In this analysis, the "focus is on how and under what circumstances the requested files were compiled, and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Jefferson v. DOJ*, 284 F.3d 172, 176-77 (D.C. Cir. 2002) (citations and quotation marks omitted). "Law enforcement purposes include both civil and criminal proceedings." *Radcliffe v. IRS*, 536 F. Supp. 2d 423, 435-36 (S.D.N.Y. 2008) (collecting cases), *aff'd*, 328 F. App'x 699 (2d Cir. 2009) (summary order).

Agency records are considered to be "compiled for law enforcement purposes" if "the investigatory activity that gave rise to the documents is related to the enforcement of federal laws, and there is a rational nexus between the investigation at issue and the agency's law enforcement duties." *Jefferson*, 284 F.3d at 177 (quotation marks omitted). ICE OPR has the authority to investigate "allegations of criminal and administrative misconduct involving ICE employees." Fuentes Decl. ¶ 41. Here, ICE OPR investigated Perez's complaint alleging misconduct to determine whether there had been any violation of law, regulation, or policy. *Id.* ¶ 42. Thus, the relevant records were compiled for law enforcement purposes.

### 2. The Privacy Balancing Under Exemption 7(C) Also Favors ICE's Withholdings

Unlike exemption 6, which allows nondisclosure only when a document would constitute a "clearly" unwarranted invasion of privacy, exemption 7(C) "is more protective of privacy than Exemption 6 and thus establishes a lower bar for withholding material." *ACLU v. DOJ*, 655 F.3d 1, 6 (D.C. Cir. 2011) (quotation marks omitted). The privacy interest of witnesses, potential subjects, and third parties identified in law enforcement records is substantial. *See Roth v. DOJ*, 642 F.3d 1161, 1174 (D.C. Cir. 2011) ("not only the targets of law-enforcement investigations, but also witnesses, informants, and investigating agents have a substantial interest in ensuring that their relationship to the investigations remains secret" (ellipsis and quotation marks omitted)).

Here, ICE invoked exemption 7(C) to withhold the same information withheld pursuant to exemption 6. Fuentes Decl. ¶¶ 34, 43. The information here was properly withheld pursuant to FOIA exemption 7(C) for the same reasons set out above in Part I.A; because exemption 7(C) establishes a lower threshold than exemption 6, the same grounds support finding that the witnesses and third parties involved in ICE OPR's internal investigation have substantial privacy

16

interests in the withheld information.  *See supra* Part I.A.2; Fuentes Decl. ¶¶ 44-46.

Additionally, the release of this information would not shed light on governmental activity for

the reasons set out above.  Accordingly, the balance under exemption 7(C) favors withholding as

well.  Fuentes Decl. ¶¶ 47-49.

### C.      ICE Complied with FOIA's Segregability Requirement

FOIA provides that "[a]ny reasonably segregable portion of a record shall be provided to

any person requesting such record after deletion of the portions which are exempt under this

subsection."  5 U.S.C. § 552(b).  "Agencies are entitled to a presumption that they complied with

the obligation to disclose reasonably segregable material."  *Sussman v. U.S. Marshals Serv.*, 494

F.3d 1106, 1117 (D.C. Cir. 2007).

FOIA requires only "reasonable" segregation; thus, "the law is clear that the reasonable

segregation requirement of FOIA does not require [an agency] to commit significant time and

resources to a task that would yield a product with little, if any, informational value."  *Amnesty*

*Int'l USA v. CIA*, 728 F. Supp. 2d 479, 529 (S.D.N.Y. 2010) (quotation marks omitted); *see*

*Doherty v. DOJ*, 775 F.2d 49, 53 (2d Cir. 1985).  Moreover, "[n]on-exempt information is not

reasonably segregable when it is 'inextricably intertwined' with the exempt information in a

document 'such that disclosure would compromise the confidentiality of exempt information that

is entitled to protection.'"  *NRDC v. EPA*, 403 F. Supp. 3d 270, 286 (S.D.N.Y. 2019) (quoting

*ACLU v. DOJ*, 252 F. Supp. 3d 217, 227 (S.D.N.Y. 2017)) (brackets omitted); *accord Sussman*,

494 F.3d at 1117.

As set out in ICE's declaration, ICE conducted a line-by-line analysis of the responsive

records for segregability purposes, and concluded that no further segregation could be made

without disclosing exempt information.  Fuentes Decl. ¶¶ 51-53.  Indeed, almost all of the

records responsive to Perez's request were released with in-line redactions that were not

challenged.  *See id.* ¶¶ 28-29, 48.  The sole records withheld in full on the basis of FOIA exemptions are the two witness statements at issue here.  *Id.* ¶ 29.

After reviewing the witness records, ICE determined that the withheld information could not be segregated and released without disclosing exempt information.  *Id.* ¶ 51.  "By disclosing portions of these documents, Plaintiff and/or members of the public might be able to identify the identity of the individuals who provided the statements, and possibly also third parties whose conduct was relevant to Plaintiff's allegations."  *Id.*  Any nonexempt information, ICE concluded, was "inextricably intertwined with the exempt portions."  *Id.*  Thus, because of the nature of the records, ICE determined that even the release of the redacted substance of the withheld witness statements could identify the individuals who provided the statements and therefore cause the harm that FOIA exemptions 6 and 7(C) were intended to prevent.  *See id.*

Other courts considering withheld witness statements from internal investigations have concluded that such information is not segregable.  *See Horvath*, 2019 WL 7290941, at *7 ("Although the [agency] has withheld in full the substance of [agency personnel's] statements to investigators, the [agency] has explained in detail why those statements would reveal 'who said what' and constitute a substantial invasion of privacy that outweighs any public interest in disclosure."); *Nat'l Whistleblower Ctr.*, 849 F. Supp. 2d at 31; *see also Alirez v. NLRB*, 676 F.2d 423, 427-28 (10th Cir. 1982) (concluding that, where the "requested documents relate[d] to a few incidents involving about a dozen people," even with redactions, "these documents would enable [the plaintiff], and others who had specific knowledge of these incidents, to identify readily the informant and persons discussed in each document").

Therefore, the Court should find that ICE properly complied with its duty to segregate exempt from non-exempt information.  *See Sussman*, 494 F.3d at 1116-17.

## II. ICE PROPERLY EXCLUDED RECORDS NOT RESPONSIVE TO PLAINTIFF'S FOIA REQUEST

"Agencies must read and interpret a FOIA request as it was drafted," and requests must "'reasonably describe' the records requested." *Machado Amadis v. DOJ*, 388 F. Supp. 3d 1, 17 (D.D.C. 2019) (quoting 5 U.S.C. § 552(a)(3); some internal quotation marks omitted). Thus, "agencies need not expand their searches beyond the four corners of the request, nor are they required to divine a requester's intent." *Id.* (quotation marks omitted).

An agency is under "no obligation to produce information that is not responsive to a FOIA request." *Wilson v. U.S. Dep't of Transp.*, 730 F. Supp. 2d 140, 156 (D.D.C. 2010), *summarily aff'd*, No. 10-5295, 2010 WL 5479580 (D.C. Cir. Dec. 30, 2010) (citations omitted); *accord Welby v. U.S. Dep't of Health*, No. 15 Civ. 195 (NSR), 2016 WL 1718263, at *8 (S.D.N.Y. Apr. 27, 2016). Indeed, "[d]ocuments that are 'non-responsive' to a FOIA request . . . are simply not subject to the statute's disclosure requirements, and agencies may thus decline to release such material without invoking a statutory exemption." *Competitive Enter. Inst. v. EPA*, 12 F. Supp. 3d 100, 114 (D.D.C. 2014) (citing 5 U.S.C. § 552(a)(3)(A)).[3]

Here, ICE searched several component offices using broad search terms, including Perez's first and last name and his former supervisor's first and last name, along with (in certain cases) terms like "Management inquiry" and "OPR fact finder." Fuentes Decl. ¶¶ 20, 24, 27. Perez's request sought only information concerning his March 2018 complaint about his former supervisor, the Deputy Chief Counsel. *See id.* ¶ 5 & Ex. A. Perez had been employed by ICE as

---

[3] The D.C. Circuit has indicated that an agency may not redact portions of a single record as non-responsive, for instance, at the "level of an individual sentence within a paragraph within an email message." *Am. Immigration Lawyers Ass'n v. EOIR*, 830 F.3d 667, 679 (D.C. Cir. 2016). Here, however, all of the records deemed non-responsive were excluded in full. Fuentes Decl. ¶ 32.

an attorney within the New York Chief Counsel's Office of OPLA, and had previously submitted complaints to ICE's Ethics Office about private immigration attorneys. *Id.* ¶¶ 4, 23, 26. Thus, it is unsurprising that ICE's searches returned records that were deemed non-responsive to the request after further review.

ICE reviewed all of the records located through its searches in response to Plaintiff's FOIA request, and concluded that a number of those records were not responsive to Plaintiff's FOIA request. *Id.* ¶ 32.[4] It determined that the "records deemed non-responsive did not contain information pertaining to Plaintiff's complaint of allegations of mismanagement and alleged unethical conduct by the [Deputy Chief Counsel]." *Id.* ¶ 33. Moreover, these "records were not part of ICE's OPR investigative file regarding Plaintiff's complaint about the [Deputy Chief Counsel], and they were not relied upon" in OPR's investigation of Plaintiff's complaint. *Id.*

ICE's "commonsense approach to distinguishing responsive from non-responsive documents" was proper here, "particularly given the contrast between the narrow focus of the request and the breadth of certain search terms." *Leopold v. CIA*, 177 F. Supp. 3d 479, 489 (D.D.C. 2016). Therefore, based on the agency's declaration, the Court should find that ICE reasonably determined that 289 pages located in its searches were not responsive to Perez's FOIA request and thus properly excluded them from its production.

## CONCLUSION

The Court should grant Defendant's motion and enter judgment in ICE's favor under Rule 56 of the Federal Rules of Civil Procedure.

---

[4] ICE's declaration contains a description of eight groups into which it "broadly categorized" the non-responsive records. *See* Fuentes Decl. ¶ 32.

Dated: February 21, 2020
        New York, New York

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:     /s/ Samuel Dolinger
        _____
        SAMUEL DOLINGER
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.: (212) 637-2677
        E-mail: samuel.dolinger@usdoj.gov