UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAMEPHIS PEREZ,

                Plaintiff,

     v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

                Defendant.

**ORDER**

19 Civ. 3154 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this Freedom of Information Act ("FOIA") action, pro se Plaintiff Kamephis Perez seeks disclosure of documents that he claims have been improperly withheld by Defendant U.S. Immigration and Customs Enforcement ("ICE"). The parties have cross-moved for summary judgment, and have each filed motions to strike portions of the other side's summary judgment briefing. (Dkt. Nos. 26, 30, 33, 37) The Court referred these motions to Magistrate Judge James L. Cott for a Report and Recommendation ("R&R"). (Dkt. No. 40) On August 6, 2020, Judge Cott issued an R&R in which he recommends that both sides' motions to strike be denied, that ICE's motion for summary judgment be granted, and that Perez's cross-motion for summary judgment be denied. (R&R (Dkt. No. 43)) For the reasons stated below, the R&R will be adopted in its entirety.

## BACKGROUND[1]

Perez is an attorney employed by ICE, and in March 2018 he filed an internal complaint against his direct supervisor, ICE Deputy Chief Counsel Khalilah Taylor, alleging misconduct.  (Pltf. Decl. (Dkt. No. 31-10) ¶ 3; Fuentes Decl. (Dkt. No. 28) ¶¶ 4, 6)  ICE investigated Perez's complaint and found that his claims were largely unsubstantiated.  (Fuentes Decl. (Dkt. No. 28) ¶ 6)

On July 31, 2018, while ICE's investigation was ongoing, Perez learned that he would be transferred.  (Pltf. Decl. (Dkt. No. 31-10) ¶ 8)  Perez contends that the transfer was retaliation for his complaint against Taylor.  (Id. ¶ 10)  Perez requested information from ICE's Ethics Office about the details of the agency's investigation, including the identity of people who learned about his complaint.  (Id. ¶¶ 10-14)  In response, the ICE Ethics Office informed Perez that his complaint had been referred to ICE's Chief Counsel for New York, Wen-Ting Cheng, but that Perez would have to file a FOIA request to obtain additional information. (Id. ¶¶ 15-16)

On September 19, 2018, Perez filed a FOIA request.  (FOIA Request (Dkt. No. 28-1))  On February 1, 2019, ICE's FOIA Office informed Perez that it was withholding responsive documents under FOIA Exemption 7(A) due to "the open status of ongoing investigations."  (Feb. 1, 2019 Ltr. (Dkt. No. 31-5) at 1)  Perez appealed this decision on February 26, 2019.  (Apr. 1, 2019 Ltr. (Dkt. No. 31-6))  On April 1, 2019, the FOIA Office reported to Perez that the investigation of his complaint had been closed as of March 27, 2019, and that accordingly Exemption 7(A) was no longer applicable.  (Id. at 1)  The ICE FOIA Office

---

[1] The parties have not objected to Judge Cott's recitation of the alleged facts.  Accordingly, this Court adopts his account of the alleged facts in full.  See Silverman v. 3D Total Solutions, Inc., No. 18 CIV. 10231 (AT), 2020 WL 1285049 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section and takes the facts characterized therein as true.").

2

concluded, however, that responsive documents were properly withheld under FOIA Exemptions 5, 6, 7(C), and 7(E).[2]  (Id. at 1-2)

On April 9, 2019, Perez, proceeding pro se, commenced the instant action. (Cmplt. (Dkt. No. 1))  ICE's FOIA Office subsequently directed the agency's Office of Professional Responsibility ("OPR"), Ethics Office, and Office of Principal Legal Advisor's New York Office of Chief Counsel to perform searches for documents responsive to Perez's FOIA request.  (Fuentes Decl. (Dkt. No. 28) ¶ 18)  Each of these offices performed searches and sent all responsive documents to the FOIA Office for review.  (Id. ¶¶ 20-27)  On November 29, 2019, the FOIA Office informed Perez that it had reviewed 461 pages of "potentially responsive documents" and determined that 172 pages were responsive and that the remaining 289 pages were "non-responsive or duplicative."  (Nov. 29, 2019 Ltr. (Dkt. No. 31-7) at 1)[3]  Of the 172 pages of responsive material, ICE produced to Perez 166 pages, with redactions.  ICE withheld six responsive pages in full.  (Id.)  The FOIA Office explained that the redacted material and the six withheld pages were protected under FOIA Exemptions 5, 6, and 7(C).  (Id. at 1-2)

In a January 10, 2020 letter, ICE advised the Court that the parties had agreed to narrow the issues in this litigation to (1) "ICE's withholdings in full of 6 pages, Bates-numbered 2019-ICLI-000500 0005-0006 and 2019-ICLI-00050 0169-0172"; and (2) "ICE's determination

---

[2] "[E]xemption 5 . . . permits the withholding of inter- and intra-agency information that is normally privileged in the civil discovery context, such as information protected by the deliberative process, attorney-client relationship, or attorney work product privilege. . . . [E]xemptions 6 and 7(C) . . . permit the withholding of documents the production of which 'would constitute a[n] unwarranted invasion of personal privacy.' . . . [E]xemption 7(E) . . . permits the withholding of information which would disclose techniques and procedures for law enforcement investigations and prosecutions and could be expected to risk circumvention of the law."  Am. Civil Liberties Union v. U.S. Dep't of Homeland Sec., 973 F. Supp. 2d 306, 310 n.5 (S.D.N.Y. 2013) (citing 5 U.S.C. §§ 552(b)(5), (b)(6), & (b)(7)(C), (E)).
[3] Citations to page numbers refer to the pagination generated by this District's Electronic Case Files ("ECF") system.

that the 289 pages . . . were non-responsive." (Jan. 10, 2020 Ltr. (Dkt. No. 24))  ICE's letter included an agreed-upon briefing schedule for the parties' anticipated cross-motions for summary judgment.  (Id.)  Judge Cott "so ordered" the letter on January 13, 2020.  (Dkt. No. 25)

In a January 21, 2020 letter transmitted before any motion was filed, ICE informed Perez that it previously had incorrectly invoked Exemptions 5 and 7(E) with respect to the six fully withheld responsive pages, and revised its designations to reflect Exemptions 6 and 7(C) as the basis for withholding those documents.[4]  Claimed exemptions for the redacted material remained the same.

On February 21, 2020, ICE moved for summary judgment.  (Def. Br. (Dkt. No. 27))  On March 11, 2020, Perez notified ICE that he was withdrawing "his consent to the limitations of the litigation and now disputes all of ICE's withholdings."  (Pltf. Br. (Dkt. No. 31) at 7; see Pltf. Decl. (Dkt. No. 31-10) ¶¶ 35-36)  Perez asserted that ICE's "series of conflicting justifications for withholding [requested] documents . . . suggest[ed] . . . that ICE has acted in bad faith."  (Pltf. Br. (Dkt. No. 31) at 6)  According to Perez, ICE's January 21, 2020 redetermination of the applicable exemptions "change[d] the nature of the legal arguments to be made after the issue had been limited by the parties' agreement."  (Pltf. Decl. (Dkt. No. 31-10) ¶ 35)  ICE's redetermination led Perez to believe "that ICE could not be taken at its word for any of the representations it had made."  (Id.)

On March 19, 2020, Perez cross-moved for summary judgment (Pltf. Br. (Dkt. No. 31)) and filed an opposition to ICE's summary judgment motion.  (Pltf. Opp. (Dkt. No. 32))

---

[4] ICE was apparently referring to the designations made in its April 1, 2019 letter (Dkt. No. 31-6), which invokes Exemptions 5, 6, 7(C), and 7(E).  ICE's November 29, 2019 letter (Dkt. No. 31-7) invokes Exemptions 5, 6, and 7(C), but makes no mention of Exemption 7(E).  (See Pltf. Decl. (Dkt. No. 31-10) ¶¶ 25, 34)

Perez's brief in support of his cross-motion is 32 pages, while his opposition brief is 24 pages. (Pltf. Br. (Dkt. No. 31); Pltf. Opp. (Dkt. No. 32))

On April 3, 2020, ICE moved to strike Perez's motion papers, arguing that (1) his opening brief exceeds the 25-page limit set forth in this Court's Individual Rules; and (2) Perez violated Judge Cott's January 13, 2020 order by submitting two briefs (one in support of his cross-motion and another in opposition to ICE's motion) instead of a single combined memorandum of law. (Def Opp. (Dkt. No. 34) at 9-11; see Jan. 13, 2020 Order (Dkt. No. 25))

On April 3, 2020, ICE submitted a 25-page brief in opposition to Perez's cross-motion for summary judgment and in reply to Perez's opposition brief. (Def. Opp. (Dkt. No. 34)) On April 17, 2020, Perez cross-moved to strike ICE's brief on the ground that it exceeded this Court's 10-page limit for reply briefs. (Pltf. Reply (Dkt. No. 38) at 5)

On April 27, 2020, this Court referred the parties' cross-motions to strike and cross-motions for summary judgment to Judge Cott for an R&R. (Dkt. No. 40)

On August 6, 2020, Judge Cott issued an R&R in which he recommends that the cross-motions to strike be denied, that ICE's motion for summary judgment be granted, and that Perez's cross-motion for summary judgment be denied. (R&R (Dkt. No. 43)) Judge Cott notified the parties that they had 14 days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. (Id. at 43-44) The R&R further states that a "**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW**." (Id.) (emphasis in original). Neither side has objected to the R&R.

**DISCUSSION**

**I.     LEGAL STANDARD**

In reviewing a magistrate judge's R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to an R&R, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.  A party, however, "generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

**II.    ANALYSIS**

Because the parties have not objected to the R&R, they have waived their right to judicial review.  This Court has nonetheless reviewed the R&R for clear error.  As discussed below, the Court finds no error – clear or otherwise – in Judge Cott's thorough and well-reasoned analysis of the issues.  Accordingly, the R&R will be adopted in its entirety.

    **A.     Motions to Strike**

ICE argues that Perez's 32-page brief in support of his cross-motion for summary judgment motion exceeds the 25-page limit imposed by this Court's Individual Rules. (Def. Opp. (Dkt. No. 34) at 10)  ICE also contends that Perez violated Judge Cott's January 13, 2020

6

order by filing a separate 24-page brief in opposition to ICE's motion for summary judgment, given that Judge Cott directed Perez to file a single "combined" brief. (Jan. 13, 2020 Order (Dkt. No. 25) at 2; Def. Opp. (Dkt. No. 34) at 10) As relief, ICE asks the Court to apply the 25-page limit to the collective page total of both briefs and to strike any surplus pages or, alternatively, to order Perez to refile a combined brief that complies with this Court's Individual Rules and Judge Cott's January 13, 2020 Order. (Def. Opp. (Dkt. No. 34) at 11-12)

Judge Cott concluded that Perez had violated this Court's Individual Rules and the January 13, 2020 order, but he found no evidence that Perez had acted in "bad faith." (R&R (Dkt. No. 43) at 10) Accordingly, Judge Cott recommends that ICE's motion to strike be denied. (Id. at 8-11 (citing Intertek Testing Servs., N.A., Inc. v. Pennisi, No. 19-CV-7103 (SJF) (ARL), 2020 WL 1129773, at *13 (E.D.N.Y. Mar. 9, 2020) (exercising discretion to "overlook the parties' failure to comply with . . . individual rules")) This Court agrees with Judge Cott and will not strike any portion of Perez's motion papers. See Nat'l Grid Corp. Servs., LLC v. Brand Energy Servs., LLC, No. 2:13-CV-1275 (DRH) (ARL), 2017 WL 1194499, at *10 (E.D.N.Y. Mar. 30, 2017) ("[A]s a court has inherent discretion to strike excessive pages, it must also have reciprocal discretion to waive page limits.").

Perez argues that ICE's 25-page brief in opposition to Perez's cross-motion for summary judgment and in reply to Perez's opposition should be stricken. (Pltf. Reply (Dkt. No. 38) at 5-6) Perez characterizes the submission as a reply brief and argues that it exceeds this Court's 10-page limit for replies. As Judge Cott notes, however, ICE's "brief combines its reply memorandum in support of its motion for summary judgment as well as its opposition to Perez's cross-motion for summary judgment. . . . Given that ICE has a 25-page limit for its opposition papers under the Individual Rules, ICE was plainly entitled to 25 pages for a combined reply and

7

opposition." (R&R (Dkt. No. 43) at 11)  For the reasons stated in the R&R, ICE did not violate this Court's Individual Rules and Perez's motion to strike will be denied.

## B. Cross-Motions for Summary Judgment

### 1. Applicable Law

As the R&R notes, "FOIA actions are generally resolved through summary judgment." (Id. (citing New York Times Co. v. United States Dep't of Justice, 390 F. Supp. 3d 499, 511-12 (S.D.N.Y. 2019)))  "'[T]o prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA.'"  (Id. (quoting Long v. Office of Pers. Mgmt., 692 F.3d 185, 190 (2d Cir. 2012)))  "'An agency may carry its burden by submitting declarations giving reasonably detailed explanations why any withheld documents fall within an exemption.'" (Id. (quoting Ctr. for Constitutional Rights v. C.I.A., 765 F.3d 161, 166 (2d Cir. 2014)))  "These declarations are 'accorded a presumption of good faith.'" (Id. (quoting Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994)))  "'If the agency's submissions are facially adequate, summary judgment is warranted unless the plaintiff can make a showing of bad faith on the part of the agency or present evidence that the exemptions claimed by the agency should not apply.'" (Id. at 12 (quoting New York Times Co., 390 F. Supp. 3d at 512))

### 2. Waiver

As an initial matter, Judge Cott addressed the enforceability of the parties' agreement to narrow the scope of this litigation. (Jan. 10, 2020 Ltr. (Dkt. No. 24))  As discussed above, in a January 10, 2020 letter, ICE informed Judge Cott that the parties had agreed to focus solely on "ICE's withholdings in full of 6 [responsive] pages" and "ICE's determination that 289

8

pages located by its initial search were not responsive to Mr. Perez's FOIA request." (Id.)  The parties further agreed that "[t]he remaining withholdings, and the adequacy of ICE's search for records, are not in dispute." (Id.)  Judge Cott "so ordered" this letter on January 13, 2020. (Jan. 13, 2020 Order (Dkt. No. 25))

In a January 21, 2020 letter, ICE informed Perez of its decision to revise the exemptions applicable to the six pages at issue from Exemptions 5 and 7(E) to Exemptions 6 and 7(C).  (Jan. 21, 2020 Ltr. (Dkt. No. 31-8))  On February 21, 2020, ICE submitted its motion for summary judgment, addressing only the agreed-upon matters at issue.  (Def. Br. (Dkt. No. 27))  On March 11, 2020, Perez informed ICE that he was withdrawing "his consent to the limitations of the litigation and now disputes all of ICE's withholdings" due to ICE's "series of conflicting justifications for withholding the documents requested by the Plaintiff, suggesting . . . that ICE has acted in bad faith." (Pltf. Br. (Dkt. No. 31) at 6-7; see Pltf. Decl. (Dkt. No. 31-10) ¶¶ 35-36)  According to Perez, ICE's January 21, 2020 redetermination of the applicable exemptions "change[d] the nature of the legal arguments to be made after the issue had been limited by the parties' agreement," and led Perez to believe "that ICE could not be taken at its word for any of the representations it had made." (Pltf. Decl. (Dkt. No. 31-10) ¶ 35)

As the R&R notes, "'[c]ourts generally enforce stipulations that narrow the issues in a case' and '[a] party to a stipulation is not entitled to withdraw from the agreement unilaterally and can only obtain such relief by court action.'" (R&R (Dkt. No. 43) at 13 (quoting Sinicropi v. Milone, 915 F.2d 66, 68–69 (2d Cir. 1990)))  "However, courts may disregard such agreements if it would be 'manifestly unjust' to enforce the agreement to narrow the issues in a case." (Id. at 14 (quoting Sinicropi, 915 F.2d at 68))

9

After thorough consideration, Judge Cott concluded that the parties' agreement should be enforced (R&R (Dkt. No. 43) at 12-18), reasoning as follows:

> Perez has failed to explain how his agreement to narrow the issues in this case was not knowing and voluntary. Nor has Perez shown how it would be "manifestly unjust" to enforce the parties' unequivocal agreement to narrow the scope of this litigation. Indeed, Perez cites no case law in support of his position. . . . Accordingly, the parties' agreement should be enforced and the focus of the pending cross-motions should be solely on the withholding of the six pages in full and the withholding of documents identified by ICE as nonresponsive. See Sinicropi, 915 F.2d at 69 (district court had "duty to enforce the stipulation which it had approved") (citation omitted).

The Court finds no error in Judge Cott's analysis. Accordingly, the parties' agreement to narrow the scope of this litigation to the six responsive pages withheld in full and the 289 pages withheld as non-responsive will be enforced.

### 3. Six Pages Withheld In Full

Judge Cott concluded that Exemption 6 authorizes ICE to withhold the six pages of responsive documents. (R&R (Dkt. No. 43) at 18-37) "Under Exemption 6, an agency may withhold documents that constitute 'personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.'" (Id. at 18 (quoting 5 U.S.C § 552(b)(6))) "The purpose of 'Exemption 6 [is] to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information.'" (Id. (quoting U.S. Dep't of State v. Washington Post Co., 456 U.S. 595, 599 (1982)))

Courts "undertake a two-part inquiry to determine whether documents may be withheld pursuant to Exemption 6." (Id.) First, courts "'must determine whether the personal information is contained in a file similar to a medical or personnel file.'" (Id. at 18-19 (quoting Wood v. F.B.I., 432 F.3d 78, 86 (2d Cir. 2005))) Second, courts "must 'balance the public's

10

need for the information against the individual's privacy interest to determine whether the disclosure of the [information] would constitute a clearly unwarranted invasion of personal privacy.'"  (Id. at 19 (quoting Wood, 432 F.3d at 86))

As to the first prong of the inquiry, Judge Cott concluded that the records are similar to medical or personnel files.  (Id.)  The documents at issue are "'[i]nterview statements from two witnesses that were provided to the OPR investigator during OPR's investigation into Plaintiff's allegations of unethical misconduct and mismanagement against [Deputy Chief Counsel Taylor].'"  (Id. at 20 (quoting Fuentes Decl. (Dkt. No. 28) ¶ 34))  The records contain "'information relating to ICE personnel and private individuals'" – including "'personally identifying information.'"  (Id. (quoting Fuentes Decl. (Dkt. No. 28) ¶ 34; Fuentes Supp. Decl. (Dkt. No. 35) ¶ 24))

Judge Cott found that ICE made a sufficient showing that "the six pages constitute files similar to medical and personnel files."  (Id.)  As the R&R notes, it "is well-established that 'administrative investigatory files, which could contain personal information about the subject of the investigation and about third-party witnesses,' like the records here, constitute 'similar files' under Exemption 6."  (Id. at 20-21 (quoting Families for Freedom v. U.S. Customs & Border Prot., 797 F. Supp. 2d 375, 398 (S.D.N.Y. 2011)) (citing Perlman v. U.S. Dep't of Justice, 312 F.3d 100, 106 (2d Cir. 2002) (investigation report concerning alleged misconduct of government official is a "'detailed Government record' replete with identifying information regarding [the official] and his alleged misconduct," and constitutes a "similar file" for purposes of Exemption 6)); Ferrigno v. U.S. Dep't of Homeland Sec., No. 09-CV-5878 (RJS), 2011 WL 1345168, at *8 (S.D.N.Y. Mar. 29, 2011) ("requested files-records of ICE's internal investigation containing the names and statements of witnesses, the Investigator, and the

11

Supervisor are clearly similar files for the purpose of Exemption 6")))  Judge Cott concluded that ICE had "met its burden by providing 'reasonably detailed explanations' to establish that the six pages contained personal accounts and statements of witnesses to the alleged workplace misconduct and thus qualify as similar files under Exemption 6."  (Id. at 21 (citing Ctr. for Constitutional Rights, 765 F.3d at 166))

As to the second prong of the inquiry, Judge Cott concluded that the privacy interests outweighed any public interest in disclosure of the information.  (Id. at 24-31)  "'The balancing analysis for FOIA Exemption 6 requires that [courts] . . . determine whether disclosure of the files would compromise a substantial, as opposed to de minimis, privacy interest, because if no significant privacy interest is implicated FOIA demands disclosure.'"  (Id. at 24 (quoting Long, 692 F.3d at 191))  "It is well-established that there is more than a de minimis privacy interest in the names of individuals who participate in an investigation."  (Id. (citing Conti v. U.S. Dep't of Homeland Sec., No. 12-CV-5827 (AT), 2014 WL 1274517, at *18 (S.D.N.Y. Mar. 24, 2014) ("Individuals, whether targets, investigators, witnesses, or third parties, . . . have a privacy interest in . . . protecting the details of their statements given in the course of . . . investigations.")))

ICE contends that "'witnesses, ICE personnel, and third parties have privacy interests in the information withheld . . . [and] could be harmed by the release of the witness statements.'"  (Id. at 25 (quoting Fuentes Decl. (Dkt. No. 28) ¶ 44))  ICE further "points out that, because the witness statements 'relate to a small number of ICE personnel who are known to each other and to Plaintiff,' Perez 'is likely to be able to easily ascertain the identities of these ICE employees based on the details provided in those interviews,' and therefore disclosure of

12

these records 'risks disclosing the identities of these individuals who made the statements and also other agency personnel or third parties.'"  (Id. (quoting Fuentes Decl. (Dkt. No. 28) ¶ 45))

Judge Cott found that "[r]evealing the identity of the witnesses involved in the investigation could subject them to 'harassment, embarrassment, unnecessary questioning, possible interference with official duties, . . . reprisals . . . stigma and potential reputational harm'" because of "'their association with the agency's internal investigation.'"  (Id. (quoting Fuentes Decl. (Dkt. No. 28) ¶¶ 45–46))  Judge Cott concluded that "[t]hese factors present strong privacy concerns."  (Id. at 25-26 (citing U.S. Dep't of State v. Ray, 502 U.S. 164, 176 (1991) (finding a significant invasion of privacy where "disclosure of the unredacted interview summaries would publicly identify the interviewees as people who cooperated with a State Department investigation," and concluding that disclosure could subject interviewees to "embarrassment and retaliatory action"); Ferrigno, 2011 WL 1345168, at *8 ("Government investigators and witnesses in internal investigations similarly possess strong privacy interests, as the disclosure of their identities may result in harassment or embarrassment.")))

In contrast to the strong privacy interests at stake here, Judge Cott found "at most a minimal public interest in disclosure."  (Id. at 26)  Perez has acknowledged that "documents that have already been produced to him 'contain all – and likely more – details relating to the allegations of work-related misconduct by . . . Taylor than the purported witness statements.'"  (Id. (quoting Pltf. Opp. (Dkt. No. 32) at 16))  Thus, "the only remaining undisclosed information that likely could be gained from disclosing the witness statements is the identification of the witnesses," but "courts have consistently opined that there is no cognizable public interest in merely identifying witnesses."  (Id. (citing Long, 692 F.3d at 193 ("In many contexts, federal

courts have observed that disclosure of individual employee names tells nothing about 'what the government is up to.'") (collecting cases))).

As the R&R notes, "[i]n balancing a government employee's privacy interests against the public's interest in disclosure, a court should also consider the so-called <u>Perlman</u> factors: (1) the government employee's rank; (2) the degree of wrongdoing and strength of evidence against the employee; (3) whether there are other ways to obtain the information; (4) whether the information sought sheds light on a government activity; and (5) whether the information sought is related to job function or is of a personal nature." (Id. at 27 (citing <u>Perlman</u>, 312 F.3d at 107))

Judge Cott determined that the <u>Perlman</u> factors weigh against disclosure here, finding that (1) "Taylor is a supervisory attorney with an 'intermediate' rank"; (2) "Perez's charges were serious but unsubstantiated"; (3) "although FOIA appears to be the only means by which to obtain information about Perez's complaints and the ensuing investigation, the documents already disclosed likely provide more information than the withheld records at issue"; (4) "Perez has failed to establish that this information would shed light on government misconduct or corruption"; and (5) "the information is related to job function." (Id. at 27-30) Although the fifth factor favors disclosure, the other factors do not. Accordingly, Judge Cott concluded that when the <u>Perlman</u> factors are considered "in their totality," they "weigh against disclosure." (Id. at 30)

Although Perez argues that ICE acted in bad faith by improperly withholding documents and changing its rationale for doing so (id. at 31-31), Judge Cott rejected this argument, reasoning as follows:

> ICE's actions in responding to Perez's FOIA request were far from exemplary. ICE initially denied Perez's FOIA request based on the incorrect belief that there

14

> was an ongoing investigation, revised its justifications for its withholdings on
> certain documents three times, and mistakenly withheld documents that it
> produced only in response to Perez's briefing.  Despite these shortcomings,
> however, ICE settled on its exemptions before any motions for summary
> judgment were made and produced documents it concededly withheld by mistake
> in response to Perez's prodding.  An agency's obligations under FOIA need not
> be perfect and, considering all of the circumstances, a finding of bad faith is not
> warranted.  See, e.g., Fischer [v. U.S. Dep't of Justice, 723 F. Supp. 2d 104, 109
> (D.D.C. 2010)] (acknowledging "defendant has not performed its duties under
> FOIA perfectly" but finding "lapses in defendant's search for and production of
> plaintiff's requested records" did not rise to level of rebutting presumption of
> good faith).

(R&R (Dkt. No. 43) at 35)

As to the issue of segregability, the R&R notes that, under 5 U.S.C. § 552, "'[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection.'"  (Id. at 36 (quoting 5 U.S.C. § 552))  "Courts have found that '[n]on-exempt information is not reasonably segregable when it is inextricably intertwined with the exempt information in a document 'such that disclosure would compromise the confidentiality of [exempt] information that is entitled to protection.'"  (Id. (quoting Am. Civil Liberties Union v. United States Dep't of Justice, 252 F. Supp. 3d 217, 227 (S.D.N.Y. 2017)))  "In those circumstances, an agency may withhold both the exempt and non-exempt information."  (Id. (citing Inner City Press/Cmty. on the Move v. Bd. of Governors of Fed. Reserve Sys., 463 F.3d 239, 249 (2d Cir. 2006) ("information that is 'inextricably intertwined' with exempt information cannot be disclosed")))

Here, "ICE 'reviewed the two records withheld in full line-by-line' and found 'it could not reasonably segregate any content from these two documents without revealing the identity of witnesses and/or third parties, or what witnesses said concerning Plaintiff's allegations of misconduct.'"  (Id. (quoting Fuentes Decl. (Dkt. No. 28) ¶ 51))  ICE contends that "if it disclosed portions of these documents, 'Plaintiff and/or members of the public might be

15

able to identify the identity of the individuals who provided the statements, and possibly also third parties whose conduct was relevant to Plaintiff's allegations.'" (Id. (quoting Fuentes Decl. (Dkt. No. 28) ¶ 51))

Judge Cott found that ICE "properly justified its segregability determinations and therefore the records at issue may be withheld in full under Exemption 6." (Id. at 37 (citing Am. Civil Liberties Union v. F.B.I., No. 11-CV-7562 (WHP), 2015 WL 1566775, at *4 (S.D.N.Y. Mar. 31, 2015) (approving Government's segregability determination and finding that records were properly withheld where "any additional disclosure would enable discerning observers to connect the dots" and reveal exempt information)))

For these reasons, Judge Cott concluded that "ICE's motion should be granted and Perez's cross-motion be denied with respect to the six pages." (Id.) The Court finds no error – let alone clear error – in Judge Cott's thorough and well-reasoned analysis. Accordingly, as to the six responsive pages withheld in full, ICE's motion for summary judgment will be granted, and Perez's cross-motion for summary judgment will be denied.

### 4.     **Non-Responsive Documents**

Concerning the 289 pages of documents deemed non-responsive, ICE has represented that these documents fall into "eight categories that neither relate to Perez's allegations nor were relied upon by OPR in its internal investigation into them: (1) immigration practice complaint forms filed by Perez against private immigration attorneys in unrelated immigration cases; (2) documents from the Criminal Court of the City of New York related to certain criminal convictions of aliens; (3) Executive Office for Immigration Review records relating to the removal of an alien in unrelated immigration cases; (4) email communications between Perez and private immigration attorneys regarding unrelated immigration cases; (5)

letters from the Attorney Grievance Committee for the State of New York regarding unrelated immigration cases; (6) OPR Management Guide Handbook; (7) printouts of Ethics database relating to a separate incident involving Perez; and (8) email communications between private attorneys and other ICE attorneys concerning unrelated immigration cases." (Id. at 38-39 (citing Fuentes Decl. (Dkt. No. 28) ¶¶ 31-33))

Perez argues that this Court should not credit ICE's characterization of these documents because the agency has acted in "bad faith." (Pltf. Opp. (Dkt. No. 32) at 26)  As discussed above, however, Judge Cott determined that Perez's allegations of "bad faith" are unsubstantiated. (R&R (Dkt. No. 43) at 39)  Perez also argues that the withheld documents were likely responsive, because they were collected as part of ICE's initial search. (Pltf. Opp. (Dkt. No. 32) at 27)  Judge Cott rejected this argument as "conclusory and speculative," noting that the identification of "certain documents . . . in the initial searches does not establish their responsiveness." (R&R (Dkt. No. 43) at 39 (citing Hadden v. Bureau of Prisons, No. 07-CV-8586 (DF), 2008 WL 5429823, at *7 (S.D.N.Y. Dec. 22, 2008) ("To rebut an agency's affidavit successfully, the plaintiff must provide 'factual support,' rather than 'mere speculation.'")))

Finally, Perez argues that four categories of documents labeled non-responsive are in fact responsive – namely, "immigration practice complaint forms," "[l]etters from the Attorney Grievance Committee for the State of New York," "[p]rintouts of Ethics database relating to a separate incident," and the OPR Management Guide Handbook. (Id. at 40-41 (citing Pltf. Br. (Dkt. No. 31) at 33-34))  After thoroughly reviewing Perez's arguments with respect to each category, Judge Cott found that these categories of documents were properly classified as non-responsive, and that Perez's arguments to the contrary were "based entirely on . . .

17

conjecture" and "unsupported assumptions" about what documents were included in these categories.  (Id. at 42)

In sum, Judge Cott found that Perez "offered no evidence or persuasive arguments to suggest that ICE's nonresponsive determinations were incorrect or insufficient."  (Id. at 43) Perez "failed to rebut the presumption of good faith accorded to ICE's withholdings and, therefore, the 289 pages of documents were properly withheld as nonresponsive."  (Id. (citing Adamowicz v. I.R.S., 672 F. Supp. 2d 454, 477 (S.D.N.Y. 2009), aff'd, 402 F. App'x 648 (2d Cir. 2010) (documents properly withheld as non-responsive where "Plaintiffs offer no legal reason why the Court should order disclosure")))

This Court finds no error in Judge Cott's comprehensive analysis of the issues. Accordingly, with respect to the 289 pages of documents deemed non-responsive, the Court will grant ICE's motion for summary judgment and deny Perez's cross-motion for summary judgment.

## CONCLUSION

Judge Cott's R&R (Dkt. No. 43) is adopted in its entirety.  Defendant's motion for summary judgment (Dkt. No. 26) is granted, and Plaintiff's cross-motion for summary judgment (Dkt. Nos. 30) is denied.  The parties' cross-motions to strike (Dkt. Nos. 33, 37) are denied.  The Clerk of Court is directed to close this case.  A copy of this Order has been mailed to pro se Plaintiff by Chambers.

Dated: New York, New York
       September 8, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

18